# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**WILLIE HUTCHERSON**                                                  **PLAINTIFF**
**ADC #093873**

**v.**                                    **CASE NO. 4:26-cv-303 JM**

**STEVEN ABED,** *et al*.                                            **DEFENDANTS**

## ORDER

Plaintiff Willie Hutcherson, an inmate in the Larry B. Norris Unit of the Arkansas Division of Correction, paid the filing fee[1] and brings this *pro se* complaint under 42 U.S.C. § 1983. (Doc. 1). He sues Pulaski County Public Defender Steven W. Abed, Pulaski County Prosecuting Attorney Terry Rainey Ball, Public Defender Commissioner William R. Simpson, former Pulaski County Prosecuting Attorney Larry Jegley, and Arkansas Attorney General Tim Griffin in their individual and official capacities seeking damages. (*Id*). Hutcherson alleges that, during his criminal trial, defendants violated his rights by committing a number of state tort crimes (deceit, civil conspiracy, bread of fiduciary duty, abuse of process, defamation, and negligent supervision), acting with misconduct, and providing ineffective assistance of counsel. (*Id*.). Although Hutcherson paid the filing fee, because he is incarcerated, the Court must screen his complaint. *See* 28 U.S.C. § 1915A.

Hutcherson alleges that Abed and Ball acted deceitfully at a 1999 motions hearing. (Doc. No. 12–13). He also argues that Ball is guilty of prosecutorial misconduct, and that Abed provided

---

[1] Hutcherson is considered a three-striker under the Prison Litigation Reform Act; therefore, absent paying the filing fee, he cannot proceed with civil federal litigation unless he can show that is in in imminent danger. *See* 28 U.S.C. § 1915(g); *Hutcherson v. KATV*, Case No. 4:01-cv-386 (E.D. Ark.); *Hutcherson v. Rainey*, Case No. 4:02-cv-110 (E.D. Ark.); *Hutcherson et al. v. Graham*, Case No. 4:05-cv-1042 (E.D. Ark.).

an ineffective defense. Finally, he suggests that Simpson, Jegley, and Griffin negligently supervised Abed and Ball.  Presumably in order to get around the three-year statute of limitations governing § 1983 claims, Hutcherson vigorously argues that any governing limitations periods should be waived due to fraudulent concealment. The Court need not consider either the limitation's issue or obvious immunity issues because Hutcherson's claims are *Heck*-barred.

A public records search reveals that a Pulaski County, Arkansas jury found Hutcherson guilty in February 2000 of four counts of aggravated robbery, four counts of theft of property, and being a felon in possession of a firearm. *State v. Hutcherson*, 60CR-99-1834 (Docket Sheet). He was sentenced to 240 years' imprisonment in the ADC. That conviction was affirmed on appeal.[2] *Hutcherson v. State*, 74 Ark.  App. 72, 47 S.W.3d 267 (2001). As a result, his claims for damages for events surrounding his 2000-conviction are *Heck* barred. If a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of a state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). A finding in Hutcherson's favor now regarding any of the events precluding and during his trial would call into question the validity of his convictions, and nothing in his pleadings indicates that his convictions have been called into question by the issuance of a federal writ of *habeas corpus*. Accordingly, Hutcherson's damages claims challenging to the legality of his trial and lawfulness of his conviction are barred under the Supreme Court's ruling in *Heck*.

---

[2] Through the years, Hutcherson  also unsuccessfully has sought state post-conviction relief through Rule 37, habeas, and *error coram nobis* proceedings.

Hutcherson's complaint is therefore dismissed without prejudice.  An *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 11th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE